IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TOMEU VADELL, <br> DENNYSSE VADELL, and <br> CRISTINA VADELL, <br><br> Plaintiffs, <br><br> vs. <br><br> CITGO PETROLEUM CORPORATION <br><br> Defendant. | §§§§§§§§§§§ <br><br> Civil Action No. _____ |

## DEFENDANT CITGO PETROLEUM CORPORATION'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant CITGO Petroleum Corporation ("CITGO") hereby files this Notice of Removal of the above-captioned action to this Court and states as follows:

### A. Introduction

1. CITGO is the Defendant in Cause No. 2023-17486 filed in the District Court of Harris County, Texas, 334th Judicial District (the "State Court Action"). The State Court Action is pending.

2. The Original Petition in the State Court Action was publicly filed with the Clerk of Court on March 17, 2023. (Exhibit 1.)

3. The First Amended Original Petition in the State Court Action was publicly filed with the Clerk of Court on March 21, 2023. (Exhibit 1.)

4. As of this filing on March 24, 2023, neither the Original Petition or the First Amended Original Petition have been served on CITGO. (Declaration of Joanne R. Bush ("Bush Decl."), ¶ 3.)

5. This Court has jurisdiction over this proceeding under 28 U.S.C. § 1332, because the case arises between citizens of different States and involves a matter in controversy in excess of $75,000.

6. This Court also has jurisdiction over this proceeding under 28 U.S.C. §§ 1330 and 1331.

7. This Notice is being filed with this Court before CITGO has received service of the Original Petition and the First Amended Original Petition, and is thus timely filed under 28 U.S.C. § 1446(b).

8. By filing this Notice, CITGO does not waive any defense available to it, nor concede that allegations in the Original Petition and First Amended Original Petition state a valid claim under applicable law.

### B. Basis for Removal

9. Removal is proper under 28 U.S.C. §§ 1332(a), 1441, and 1446 because there is diversity of citizenship, the amount in controversy exceeds $75,000, and CITGO has not yet been served. Removal is also proper under 28 U.S.C. §§ 1330 and 1331 as this Court has original jurisdiction.

10. CITGO is a Delaware corporation with is principal place of business at 1293 Eldridge Parkway, Houston, Texas 77077.

11. The First Amended Original Petition states that Plaintiffs Tomeu Vadell's and Dennysse Vadell's "permanent residence is located in Lake Charles, Louisiana." (Am. Pet. ¶¶ 16-17.)

12. Although the First Amended Original Petition states that Plaintiff Cristina Vadell's "permanent residence is located in Houston, Texas," upon information and belief, she is a citizen of Louisiana.

13. Calcasieu Parish Assessor property records show Plaintiff Cristina Vadell is the sole owner and mortgage holder for a home in Lake Charles, Louisiana ("ADDRESS A"). (Bush Decl., Ex. A; *see also* Bush Decl., Ex. D (mortgage record showing Plaintiff Cristina Vadell is only mortgage holder of ADDRESS A)). She has owned the Louisiana property located at ADDRESS A since April 8, 2015. (*Id.*) The property is not currently listed for sale. (Bush Decl., ¶ 7.)

14. According to a Westlaw Precision Report, which relies on an Experian Credit Report, the only Texas address associated with Plaintiff Cristina Vadell is ADDRESS B. (Bush Decl., Ex. B.) The first date reported for Plaintiff Cristina Vadell at ADDRESS B is March 13, 2023 (*id.*) – four days before the Original Petition was filed.

15. Property records show that Helena Besovic owns the Texas home at ADDRESS B. (Bush Decl., Ex. C.)

16. All Plaintiffs are citizens of Louisiana. CITGO is a Delaware corporation with its principal place of business in Texas.

17. Plaintiffs seek over $100,000,000 in damages as alleged in the First Amended Original Petition. (Am. Pet. ¶ 15.)

18. Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

19. Removal is appropriate pursuant to 28 U.S.C. § 1441. *See* 28 U.S.C. § 1441(a). Although that statute bars removal of a case "removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)]" in which a defendant "is a citizen of the State in which such action is brought," that rule applies only when the home-state defendant has been "properly joined *and served*." *Id.* § 1441(b)(2) (emphasis added). Thus, as every court of appeals to consider the

question has held, § 1441(b)(2) does not prevent removal when such a defendant has not been served. *See Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020) ("By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action."); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) (same); *Encompass Ins. Co. v. Stone Mansion Restaurant, Inc.*, 902 F.3d 147, 152–54 (3d Cir. 2018) (same); *see also McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship . . . inclusion of an unserved resident defendant in the action does not defeat removal"). Numerous district courts have reached the same conclusion. *See, e.g.*, *Moran v. Signet Mar. Corp.*, CV H-21-4214, 2022 WL 901554, at *3 (S.D. Tex. Mar. 28, 2022); *Latex Constr. Co. v. Nexus Gas Transmission, LLC*, CV 4:20-1788, 2020 WL 3962247, at *1 (S.D. Tex. July 13, 2020); *Armstrong v. Southwest Airlines Co.*, No. 3:20-cv-3610-BT, 2021 WL 4219706, at *2-3 (N.D. Tex. Sept. 15, 2021).

20. Regardless of Plaintiff Cristina Vadell's citizenship, CITGO may remove based on diversity jurisdiction because none of Cristina Vadell's claims are viable causes of action. For instance: her claims are barred by the applicable statute of limitations; her intentional infliction of emotional distress claim is incidental to—and not distinct from—other pleaded claims; and her derivative loss of consortium claims do not plausibly state a claim because the First Amended Original Petition contains only conclusory and vague statements regarding Tomeu Vadell's physical injuries.

21. Moreover, absent artful pleading, Plaintiffs' claims require the presence of, or are based on the acts of, the Bolivarian Republic of Venezuela, which gives rise to federal jurisdiction

under 28 U.S.C. § 1330, and necessarily raises federal questions under and 28 U.S.C. § 1331 relating to foreign sovereign immunity and the act-of-state doctrine.

### C. Procedural Requirements

22. Removal is timely and proper under 28 U.S.C. § 1446. Specifically, § 1446(b)(1) requires a defendant to remove within 30 days of receiving service, and § 1446(b)(2)(A) requires "all defendants who have been properly joined and served" to "join in or consent to the removal of the action." Because CITGO has not been served, removal to this Court is timely.

23. Venue is proper in this district under 28 U.S.C. § 1441(a) because the Justice Court where the action has been pending is located in this district.

24. Section 1446(a) requires the attachment of all process, pleadings, and orders served upon the removing defendant in the state action. Because CITGO has not been served, no attachments are required under Section 1446(a). However, as noted above, publicly available material from the State Court Action is attached as Exhibit 1.

25. Attached as Exhibit 2 is a copy of the Harris County Docket for the State Court Action.

26. Plaintiffs demanded a jury trial in the State Court Action.

27. Promptly after the filing of this Notice of Removal, CITGO will provide notice of the removal to Plaintiffs and to the clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

28. Pursuant to Local Rule 81.6, CITGO provides the following list of all counsel of record:

| COUNSEL FOR PLAINTIFFS: | COUNSEL FOR DEFENDANT: |
|---|---|
| Rusty Hardin | Joanne R. Bush |
| rhardin@rustyhardin.com | jrbush@jonesday.com |
| 5 Houston Center | 717 Texas, Suite 3300 |

| | |
|---|---|
| 1401 McKinney Street, Suite 2250<br>Houston, Texas 77010<br>Telephone: (713) 652-9000<br>Facsimile: (713) 652-9800 | Houston, Texas 77002<br>Telephone: (832) 239-3782<br>Facsimile: (832) 239-3600 |
| Megan C. Moore<br>mmoore@rustyhardin.com<br>5 Houston Center<br>1401 McKinney Street, Suite 2250<br>Houston, Texas 77010<br>Telephone: (713) 652-9000<br>Facsimile: (713) 652-9800 | |
| Joe Roden<br>jroden@rustyhardin.com<br>5 Houston Center<br>1401 McKinney Street, Suite 2250<br>Houston, Texas 77010<br>Telephone: (713) 652-9000<br>Facsimile: (713) 652-9800 | |
| Daniel R. Dutko<br>ddutko@rustyhardin.com<br>5 Houston Center<br>1401 McKinney Street, Suite 2250<br>Houston, Texas 77010<br>Telephone: (713) 652-9000<br>Facsimile: (713) 652-9800 | |
| Lara Hollingsworth<br>lhollingsworth@rustyhardin.com<br>5 Houston Center<br>1401 McKinney Street, Suite 2250<br>Houston, Texas 77010<br>Telephone: (713) 652-9000<br>Facsimile: (713) 652-9800 | |
| Leah Graham<br>lgraham@rustyhardin.com<br>5 Houston Center<br>1401 McKinney Street, Suite 2250<br>Houston, Texas 77010<br>Telephone: (713) 652-9000<br>Facsimile: (713) 652-9800 | |

29. THEREFORE, Defendant removes this action from the District Court of Harris County to the United States District Court for the Southern District of Texas.

Dated: March 24, 2023

/s/ *Joanne R. Bush*
Joanne R. Bush
Texas Bar No. 24064983
SDTX Ad. ID # 2175417
jrbush@jonesday.com
Joshua L. Fuchs
Texas Bar No. 24029559
SDTX Ad. ID # 29277
jlfuchs@jonesday.com
Julia N. Camp
Texas State Bar No. 24123598
SDTX Ad. ID # 3688104
juliacamp@jonesday.com
JONES DAY
717 Texas, Suite 3300
Houston, Texas 77002
Telephone: (832) 239-3782
Facsimile: (832) 239-3600

**CERTIFICATE OF SERVICE**

I certify that on this 24th day of March, 2023, a copy of the foregoing was served via email and/or hard copy on all counsel of record.

/s/ *Joanne R. Bush*
Joanne R. Bush